**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

MITCHELL PATRICK MIKE,

Plaintiff,

v. No. 1:26-cv-03089-JHR

LOVELACE WOMEN'S HOSPITAL,

Defendant.

**ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND ORDER REGARDING SERVICE**

*Pro se* Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs but did not sign the Affidavit on page 1 of the Application. *See* Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed September 16, 2026 ("original Application") (the original Application indicates Plaintiff's monthly expenses exceed his monthly income and he has two minor children who rely on Plaintiff for support).

After Plaintiff failed to comply with the Court's Order to sign the original Application by October 8, 2026, the Court struck the Application and ordered Plaintiff to *either* pay the fee *or* file a signed Application to Proceed in District Court Without Prepaying Fees or Costs, (Long Form). *See* Order to Cure Deficiency, Doc. 5, filed September 17, 2026; Second Order to Cure Deficiency, Doc. 6, filed October 15, 2026.

Plaintiff subsequently filed the first two pages of his original Application with the Affidavit on the first page signed. *See* Application to Proceed in District Court Without Prepaying Fees or Costs, (Long Form), Doc. 7, filed October 19, 2026 ("signed Application") (containing the Court's header with the case number, document number and filed date of the original Application). The

Court accepts Plaintiff's signed Application and declines to require Plaintiff to file the complete original Application.

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "*an affidavit is sufficient* which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339 (emphasis added).

The Court grants Plaintiff's signed Application to Proceed in District Court Without Prepaying Fees or Costs because Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings.

Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 which provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court cannot order service at this time because

the Complaint does not indicate Defendant's address for service. The Court orders Plaintiff to file a notice that provides Defendant's address for service.

**IT IS ORDERED** that:

(i) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, (Long Form), Doc. 7, filed October 19, 2026, is **GRANTED.**

(ii) Plaintiff shall, within 21 days of entry of this Order, file a notice that provides the service address for Defendant. Failure to timely provide the address for Defendant may result in dismissal of claims against Defendant.

**UNITED STATES MAGISTRATE JUDGE**